FREDEL v. BALDINGER et al.

(Supreme Court, Appellate Term, Second Department.   October 25, 1912.)

BROKERS (§ 85*)—COMPENSATION—ACTION FOR—DEFENSE.

In an action for a commission for securing a tenant, the defendants were entitled to show that the plaintiff, who was a mason and builder, did not act as broker and procure the tenant, but that a real estate broker, who was the procuring cause of the lease made, conducted all the negotiations, and testimony of the tenant to that effect was improperly excluded.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 106–115; Dec. Dig. § 85.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Isidor Fredel against Louis Baldinger and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued October term, 1912, before CRANE, ASPINALL, and PUTNAM, JJ.

Julius S. Belfer, of Brooklyn, for appellants.

Louis J. Moss, of Brooklyn, for respondent.

CRANE, J. This judgment for the plaintiff, recovered for real estate commissions in procuring a 10-year lease, must be reversed as contrary to the evidence, and because of exceptions taken on the trial. The plaintiff is not a real estate broker, but a mason and builder. He heard that the defendants were to erect a loft building, and called to suggest that they build a bath. He stated:

"I am a practical builder, and I will guarantee you that the plumbing will not cost more than $3,000. If I build you a building like that, I am sure to get you a tenant. I have a man by the name of Gonsky, and he has been bothering me for three years, telling me, if·I know of a place in that neighborhood, he is going to take it. * * * I brought down Mr. Gonsky, and I introduced Mr. Baldinger and Mr. Gonsky, and they shook hands and started to talk business."

This is the extent of the direct testimony bearing on employment. On redirect examination, the following occurred:

"By the Court: Q. What did Mr. Baldinger tell you, if anything, about paying you for your services? A. He said he would pay me as soon as I would bring him the tenant; he would do what is right."

He swears that he did nothing else, and knew nothing about the lease, or negotiations leading up to it. This is the extent of the testimony for the plaintiff, and upon which, although contradicted by the two defendants and the tenant, he has been awarded a judgment for $378 and costs.

The defendants were entitled to show that the plaintiff, a mason, did not act as a broker and procure Mr. Gonsky, the tenant, but that a real estate broker named Wasserman was the procuring cause of the leasing and conducted all negotiations. The following questions were held to be incompetent and the answers excluded: To the tenant Gonsky:

"Q. Who introduced you to Baldinger and Kupferman?"

"Q. Is he [Wasserman] the man who first introduced you?"

"Q. When did that man [Wasserman] introduce you first to Baldinger and Kupferman?"

"Q. Who was the first person who ever brought your attention to the property on Morrell street for the purpose of a lease?"

All these questions were competent and important, and the exclusion of the answers constitutes reversible error.

The judgment must be reversed, with costs to abide the event.

ASPINALL and PUTNAM, JJ., concur.